# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| ERIN KENNEDY,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, AND EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendants. | Removed from the Circuit Court of Loudoun County, Case No. CL23-4081<br><br>Civil Action No: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") removes the above-captioned action ("Action") from the Circuit Court of Loudoun County ("State Court") to the United States District Court for the Eastern District of Virginia.

Removal is proper under 28 U.S.C. § 1441(a). Wells Fargo appears for the purpose of removal only and for no other purpose. Wells Fargo reserves all rights and defenses. As grounds for removal, Wells Fargo states as follows:

## SUMMARY

1.  This Court has original jurisdiction over this civil action because Plaintiff Erin Kennedy ("Plaintiff") asserts a cause of action arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). This Court has original jurisdiction over all civil actions arising under the federal law. 28 U.S.C. § 1331.

2.  Wells Fargo reserves its rights to supplement or amend this Notice of Removal in the event that additional grounds for removal become apparent.

## PROCEDURAL HISTORY AND BACKGROUND

3. On or about July 11, 2023, Plaintiff initiated this action in the Circuit Court of Loudoun County (the "State Action") by filing a Complaint styled as *Erin Kennedy v. Wells Fargo Bank, National Association and Equifax Information Services, LLC,* Case No. CL23-4081.

4. On or about July 24, 2023, Wells Fargo received a copy of the Complaint by mail. A copy of the Complaint is attached hereto as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), Wells Fargo will provide written notice of the removal to Plaintiff and will file a copy of this Notice of Removal with the Circuit Court of Loudoun County. A copy of the Notice of Filing Notice of Removal (without exhibits) is attached hereto as **Exhibit B**.

7. Exhibit A constitutes all of the process, pleadings, and orders sent to Wells Fargo in this case. *See* 28 U.S.C. § 1446(a). Wells Fargo has not answered, moved, or otherwise responded to the Complaint.

8. Wells Fargo files this Notice of Removal within thirty (30) days of the date it received a copy of the Complaint. No motions or other proceedings in this Action are pending in State Court.

## PARTIES

5. Plaintiff is a resident of Virginia. *See* ECF No. 1, Ex. A, ¶ 6.

6. Wells Fargo is a national banking association, with its main office in Sioux Falls, South Dakota and its principal place of business in San Francisco, California. *Garcia v. Wells Fargo Bank, N.A.*, No. 20 C 2402, 2023 WL 1319573, at *7 n.10 (N.D. Ill. Jan. 30, 2023) ("Wells Fargo is a national banking association with its main office in South Dakota and its principal place of business in California."); *Wells Fargo Bank, N.A. v. ESM Fund I, LP*, 785 F. Supp. 2d 188, 191 (S.D.N.Y. 2011) ("Wells Fargo is a national banking association with its main office in Sioux Falls, South Dakota.").

**JURISDICTIONAL GROUNDS FOR REMOVAL**

9. A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *see also King v. Marriott Int'l Inc.*, 337 F.3d 421, 424 (4th Cir. 2003) (citing 28 U.S.C. § 1441(a)).

10. Here, the Court has original jurisdiction under 28 U.S.C. § 1331 based on federal question jurisdiction.

11. Plaintiff's claim arises under federal law. Specifically, Plaintiff alleges that "[t]his is an action for damages . . . for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. . . ." ECF No. 1, Ex. A, ¶ 1.

12. Federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States . . . " U.S. Const., Art III, Sec 2. This clause has been interpreted broadly and courts have found that this clause allows federal courts to hear any case in which there is a federal ingredient. *Osborn v. Bank of the United States*, 22 U.S. 738 (1824). Additionally, 28 U.S.C. § 1331 gives federal courts jurisdiction only to hear those cases which arise under federal law. A "suit arises under the law that creates the cause of action." *American Well Works v. Layne*, 241 U.S. 257 (1916); *see also Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001) ("The well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint.").

13. Here, because Plaintiff's cause of action in the Complaint is based on federal law – the FCRA – there is federal question jurisdiction.

14. If any questions arise as to the proprietary of the removal of this action, Wells Fargo requests the opportunity to present a brief and argument in support of its position that this case is removable.

15. Venue is proper in this Court for removal purposes because this Court is "the district court of the United States for the district and division in which within which [this] action is pending." 28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 127(a).

## OTHER PROCEDURAL REQUIREMENTS

16. Pursuant to 28 U.S.C. § 1446(d), Wells Fargo will promptly file a Notice of Filing of Notice of Removal with the Clerk of the State Court. Wells Fargo will also serve Plaintiff with a copy of the Notice of Filing and the Notice of Removal. Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, Wells Fargo will file with this Court a Certificate of Service of the Notice of Filing and the Notice of Removal.

17. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

18. Defendant Equifax Information Services, LLC ("Equifax"), consents to removal. Equifax's Consent to Removal is attached as **Exhibits C**.

19. By filing this Notice of Removal, Wells Fargo does not waive and expressly reserves any defenses that may be available to it (including without limitation defenses relating to jurisdiction) and does not concede that the allegations in the Complaint state a valid claim under any applicable law.

20. Wells Fargo reserves the right to supplement or amend the foregoing Notice of Removal to add other bases for federal jurisdiction that become apparent as a result of any amended complaint filed by Plaintiff in this Action.

Wells Fargo hereby removes this Action from the Circuit Court of Loudon County to this Court.

Dated: August 14, 2023

Respectfully submitted,

*/s/ David Gettings*
David M. Gettings (VSB No. 80394)
Courtney Hitchcock (VSB No. 95819)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: 757-687-7747
Facsimile: 757-687-7510
Email: dave.gettings@troutman.com
Email: courtney.hitchcock@troutman.com

*Counsel for Wells Fargo Bank, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of August 2023, I served a copy of the foregoing, **Notice of Removal**, via U.S. Mail, postage prepaid, on:

J. Andrew Shuniak
814 Admiral Gravely Boulevard
Richmond, VA 23231

*Counsel for Plaintiff*

/s/ David Gettings
David M. Gettings (VSB No. 80394)
Courtney T. Hitchcock (VSB No. 95819)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: 757-687-7747
Facsimile: 757-687-7510
Email: dave.gettings@troutman.com
Email: courtney.hitchcock@troutman.com

*Counsel for Wells Fargo Bank, N.A.*